T. B. BONNER *v.* JOHN H. BYNUM.

1. FRAUDULENT SALE. *Rescission. Delay.*

There is no fixed time within which a purchaser of land must exercise his right to rescind for fraud in the sale. It is only necessary that, after knowledge of the fraud, there be no unreasonable delay.

2. SAME. *Rescission. Delay. Case.*

A purchaser of land in another state, after being informed of the falsity of representations by the vendor's agent as to its character, wrote to parties acquainted with the land to ascertain the truth, and, after getting replies, wrote twice to the vendor demanding a rescission, and, receiving no reply, went in person to inspect the land, and then a third time wrote the vendor; and, when he refused to rescind, filed a bill therefor. All this occurred within six or eight months, and the condition of the title had not changed. *Held,* there was no unreasonable delay.

FROM the chancery court of Jones county.

HON. W. T. HOUSTON, Chancellor.

This is a bill by J. H. Bynum seeking a rescission of a contract for the sale of land and a cancellation of the deed. By-

num, at the time of his purchase, resided in Ellisville, Jones county, Mississippi, and Bonner, defendant, resided in Saundersville, in the same county. The land was situated in Clarke county, Alabama, and the purchase was made by Bynum through one Carter, a real estate agent in Meridian, Miss., with whom the land had been placed for sale by Bonner. The facts throwing light on the sale and the attempted rescission, as found by the court from the record, are stated in the opinion. There was a decree for complainant, and defendant appeals.

*N. C. Hill*, for appellant,

Filed a brief mainly discussing the evidence, and, as to the questions of law involved, making the following points:

Complainant must make out a clear and undoubted case in order to obtain rescission. *Ayers* v. *Mitchell*, 3 Smed. & M., 683; *Moss* v. *Davidson*, 1 *Ib.*, 112. A slight misrepresentation will not suffice to rescind. *Hall* v. *Thompson*, 1 Smed. & M., 443. What would constitute a well timbered tract of land is a matter of opinion. There is no proof of actual fraud or effort to conceal the truth.

It is not shown that appellee was injured by the misrepresentations, if any there were. Fraud, without consequent damage, is not ground for action or relief from contract. *Davidson* v. *Moss*, 5 How., 673, and 1 Smed. & M., 112. It is plain that appellee waited two years, and when times got hard and lands went down, he now seeks to rescind to get his money back with interest. It is settled than an offer to rescind must be made as soon as fraud is discovered, unless a sufficient reason is given for not doing so. *Davis* v. *Heard*, 44 Miss., 50; *Railroad Co.* v. *Neighbors*, 51 *Ib.*, 412.

*Shannon & Hardy*, for appellee.

1. The fraudulent misrepresentations are clearly established. Fraud consists in any intent calculated to deceive, whether it be suppression of the truth or suggestion of what is false.

Bispham Eq., 206. Any damage, however small, will be enough to set the court in motion to rescind. Bispham, 217.

2. There was no unreasonable delay in the application for rescission. The lapse of time to bar rescission has never been held to be any determined number of days or years. *Oil Co.* v. *Marbury*, 91 U. S., 587. The right accrued only after discovery of the facts, and a person is not required to exert himself to discover the facts, but only to be. prompt to take advantage of them when known. 21 Am. & Eng. Enc. L., 50; 12 *Ib.*, 604. Two and a half years was held not unreasonable delay in 37 Am. St. R., 897. So long as the relative position of the parties is not altered, delay is of little consequence. 12 Am. & Eng. Enc. L., 544. See, also, *Liddell* v. *Sims*, 9 Smed. & M., 596; *Gilpin* v. *Smith*, 11 *Ib.*, 109; *Alexander* v. *Beresford*, 27 Miss., 747; *Rimer* v. *Dugan*, 39 *Ib.*, 477; *Foxworth* v. *Bullock*, 44 *Ib.*, 457.

WOODS, J., delivered the opinion of the court.

In February, 1891, the appellee purchased from appellant a tract of land in Clarke county, Alabama, containing 760 acres, paying therefor $2,090. In December, 1892, appellee exhibited his bill for rescission of the sale, because of certain false and fraudulent misrepresentations as to the land, made by appellant or his authorized agent, on which misrepresentations the purchaser relied in making the contract.

That Carter was the authorized agent of Bonner in making the sale is not denied; that this agent, ignorant himself of the condition of the land, and relying on and repeating the representations of his principal, did grossly misrepresent the character of the land is not denied; and that appellee purchased in reliance on these misrepresentations is overwhelmingly established. The lands were represented to him to be pine timbered lands, and all uncleared, except 30 or 40 acres. The truth was, about 200 acres of the land had been stripped of timber, and was, at the time of the sale, worn out and abandoned; and

the further truth was that it was not well timbered pine land. The appellee, the appellant, Carter, appellant's agent, and the other witnesses examined fix in the mind a thorough conviction that the purchase was made on gross misrepresentations relied upon by the purchaser.

It is contended for appellant that the appellee has lost his right to have a rescission, because of unreasonable delay in asserting that right after discovery of the falsity of the representations made which induced the purchase, and on which the purchaser relied.

The evidence shows that either in March or June, 1892, Bynum first learned from Carter of the real character and condition of the lands. Owing to causes which appear in Bynum's deposition—ill health among others—Bynum did not at once visit the lands, but wrote to persons living near the property to ascertain the truth. Receiving replies confirming Carter's statement as to the misrepresentations made to him at the time of the purchase, in September of that year he wrote Bonner informing him of the fraud practiced on him, and asked a cancellation of the sale. Bonner paying no attention to this letter, Bynum wrote him again in October, called his attention to his unnoticed letter of September, repeated the substantial matters in that letter, and again expressed his desire for a cancellation.

In November, 1892, Bynum went to Clarke county, Alabama, and made a personal inspection of the lands, and ascertained that the worst had not been told him. On his return from Alabama he again wrote to Bonner, on December 1, 1892, informing him of the exact state and character of the land, and distinctly declared his purchase upon the false representations made to him, which induced the purchase, and upon which he declared he relied. In this letter he once more demands a rescission of the contract of sale. Receiving no satisfactory reply to this letter, the appellee filed his bill for rescission on December 20, of the last named year.

Was there unreasonable delay by appellee after discovery of

the fraud practiced upon him, and has that delay operated to appellant's hurt? The latter half of the question can be disposed of by saying the condition of the lands has not been at all changed, and the relative position of the parties is now what it was when the sale was made. The *status quo* may be readily and completely restored.

Was there any unreasonable delay? There has never been any fixed, certain period of time within which a defrauded purchaser may not move for rescission. The books are full of cases in which the lapse of several years after sale, and before suit for rescission was held no bar to the prosecution of an action for relief. The true inquiry is, in all cases of this character, has there been unreasonable delay on the part of one seeking rescission after having information of the fraudulent misrepresentation practiced upon him, and on which he relied?

In the case in hand, Bynum began to make investigation as to the truth or falsity of the representations relied on by him when he purchased. When, by correspondence, he had satisfied himself that he had been grossly deceived, he wrote Bonner in September, asking rescission. After he had waited a month, having received no reply, he wrote Bonner again, requesting a rescission, and, after confirmation of the fraud perpetrated on him by a personal inspection of the lands, he wrote Bonner on December 1, demanding rescission. His bill was promptly filed nineteen days later, when Bonner, at length, refused to rescind.

There was no undue delay, and the *status quo* can be perfectly restored by rescission.

*Affirmed.*